UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| SIMON J. KING,<br>CDCR #AC2494,<br><br>　　　　　　　　　　Petitioner,<br><br>v.<br><br>CALIFORNIA,<br><br>　　　　　　　　　　Respondent. | | Case No.:  22-cv-1397-MMA (BLM)<br><br>**ORDER DISMISSING PETITION WITHOUT PREJUDICE AND WITH LEAVE TO AMEND**<br><br>[Doc. No. 1] |

Simon J. King ("Petitioner"), a state prisoner proceeding *pro se*, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (the "Petition"). *See* Doc No. 1.

## I. Failure to Satisfy Filing Fee Requirement

Petitioner has not paid the $5.00 filing fee and has not moved to proceed *in forma pauperis* ("IFP").  This Court cannot proceed until Petitioner has either paid the filing fee or qualified to proceed IFP.  The Court therefore **DISMISSES** the case without prejudice.  *See* Rule 3(a), 28 U.S.C. foll. § 2254.  If Petitioner wishes to proceed with this case, he must, **no later than November 13, 2022**, either pay the $5.00 fee or submit adequate proof of his inability to pay the fee.

## II. Failure to Name a Proper Respondent

Review of the Petition also reveals that Petitioner has failed to name a proper

respondent. On federal habeas, a state prisoner must name the state officer having custody of him as the respondent. *Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 894 (9th Cir. 1996) (citing Rule 2(a), 28 U.S.C. foll. § 2254). Federal courts lack personal jurisdiction when a habeas petition fails to name a proper respondent. *See id*.

The warden is the typical respondent. However, "the rules following section 2254 do not specify the warden." *Id*. "[T]he 'state officer having custody' may be 'either the warden of the institution in which the petitioner is incarcerated . . . or the chief officer in charge of state penal institutions.'" *Id*. (quoting Rule 2(a), 28 U.S.C. foll. § 2254 advisory committee's note). If "a petitioner is in custody due to the state action he is challenging, '[t]he named respondent shall be the state officer who has official custody of the petitioner (for example, the warden of the prison).'" *Id*. (quoting Rule 2, 28 U.S.C. foll. § 2254 advisory committee's note).

A long-standing rule in the Ninth Circuit holds "that a petitioner may not seek [a writ of] habeas corpus against the State under . . . [whose] authority . . . the petitioner is in custody. The actual person who is [the] custodian [of the petitioner] must be the respondent." *Ashley v. Washington*, 394 F.2d 125, 126 (9th Cir. 1968). This requirement exists because a writ of habeas corpus acts upon the custodian of the state prisoner, the person who will produce "the body" if directed to do so by the Court. "Both the warden of a California prison and the Director of Corrections for California have the power to produce the prisoner." *Ortiz-Sandoval*, 81 F.3d at 895.

Here, Petitioner has incorrectly named the state of California as Respondent. In order for this Court to entertain the Petition filed in this action, Petitioner must name the warden in charge of the state correctional facility in which Petitioner is presently confined or the Secretary of the California Department of Corrections and Rehabilitation. *Brittingham v. United States*, 982 F.2d 378, 379 (9th Cir. 1992) (per curiam).

### III. C<small>ONCLUSION</small>

Based on the foregoing, the Court **DISMISSES** this action without prejudice and with leave to amend because Petitioner has failed to satisfy the filing fee requirement and

failed to name a proper respondent.  In order to have his case reopened, Petitioner must (1) either pay the filing fee or provide adequate proof of his inability to pay, <u>and</u> (2) file a First Amended Petition which names a proper respondent, **<u>no later than November 13, 2022</u>**.  The Court **DIRECTS** the Clerk of Court to send Petitioner, along with this Order, a blank First Amended Petition form and a blank In Forma Pauperis Application.

**IT IS SO ORDERED**.

Dated:  September 16, 2022

*/s/ Michael M. Anello*

HON. MICHAEL M. ANELLO
United States District Judge